## CEPHAS G. WOODBURY *v.* JUDAH LEWIS.

The act of 1840, for the foreclosure of mortgages, requires the redemption money of the premises sold to be paid to the register of deeds, and to no other person; and it is his duty, upon such payment, to destroy the deed, and pay over the money to the purchaser, his heirs or assigns.

The register of deeds has no right to receive any thing but money, in redemption of property sold. His powers are limited to receiving the money, and destroying the deed. He is a special agent for these purposes, only, and his acts are not binding on the purchaser, when he exceeds or departs from his authority, without the assent of the purchaser.

Where a bill was filed to have a deed of mortgaged premises cancelled, on the ground that the redemption money had been paid, and it appeared that the register of deeds had received a check for the amount from complainant, it was held to be no payment, and the bill was dismissed.

Where the register of deeds had received a check from complainant, in redemption of mortgaged premises, and given him a receipt for the same, as money, on behalf of defendant, who was the purchaser at the mortgage sale, he was held to be a competent witness for either party, as being equally liable to both.

The receipt of the register of deeds is not conclusive evidence of the payment of redemption money, as against a purchaser.

THIS was a bill to have a deed executed on a statutory foreclosure of a mortgage, given up and cancelled, on the ground that the mortgaged premises were redeemed, after the sale, and before the time of redemption expired.

*E. B. Harrington*, for complainant.

*A. W. Buel*, for defendant.

THE CHANCELLOR. The premises in question were mortgaged to Lewis on the 4th day of March, 1837, by one William Walker; and, on the 6th day of June, 1839, they were sold under a power of sale in the mortgage,

and purchased for $110, by Lewis, who received from the officer who sold the premises, a certificate for a deed in one year, unless they were redeemed.   On the 27th day of December, 1839, Woodbury purchased the premises of Walker, and, on the 6th day of June, 1840, deposited, as the bill alleged, $121 with George R. Griswold, register of Wayne county, in which the land is situate, for its redemption.   Lewis obtained a deed from the officer, after the year had expired.   By his answer, he denies that the money was deposited with the register, and says a check for the amount, on the Bank of Michigan, and not the money, was deposited.   Griswold's receipt, dated June 6th, 1840, for one hundred and twenty-one dollars, being the amount of redemption money, &c. was admitted as evidence on the part of complainant, by consent of parties; and Griswold was examined as a witness by defendant, but was objected to, as incompetent, by complainant.   He states that he received a check on the Bank of Michigan for the $121, and not the money.   Upon this state of facts, it is insisted for the defendant,

*First.* That the register was not authorized to receive the money, by the act of March 31st, 1840.

*Secondly.* Admitting his authority, that he could not receive a check, or any thing except money.

By the revised statutes, a certificate was given to the purchaser, for a deed after the time of redemption had expired; and the premises were redeemed by paying to the purchaser, or officer who sold them, the sum for which they were sold, with ten per cent interest.   *R. S.* 501. The law of 1840 requires the officer or person making the sale, forthwith to execute a deed to the purchaser, endorsing thereon when it will become operative in law, unless the land is redeemed, and then to deposite it in the register's office of the proper county, where it is to be kept in

trust for the purchaser, and to be delivered to him, unless the land is redeemed, and, if redeemed, then the deed is to " be destroyed by the register, and the purchase money, and the interest thereon, allowed by law, to be *paid over* to the purchaser, his heirs or assigns." *Laws* 1840, *p.* 145. The act does not say in express terms, the redemption money shall be paid to the register, but it is clearly to be implied from the language that such was the intention of the legislature. It is difficult to see how the law could be carried into execution on any other principle. The register is to destroy the deed in case of redemption, but how is he to know whether the land has been redeemed or not, unless he receives the money ? If it was to be received by the officer selling the premises, or the purchaser, as provided by the revised statutes, and not by the register, the law would have required him to cancel the deed only on the certificate of the one or the other of these persons, and not made it his duty to destroy the deed, without the means of ascertaining the money had been paid, as would be the case if the construction contended for was correct. Besides, the purchase money, and the interest, are to be paid over to the purchaser, his heirs or assigns ; not by the officer who sells, when received by him, but generally, and in all cases ;—and that after the deed had been destroyed. Now, as the register is to destroy the deed, and then the money is to be paid to the purchaser, it would seem that it is to be paid by the former, and, consequently, that it must be received by him.

The register should not have received the check, or any thing but the money. The statute does not authorize him to receive any thing else. His powers are limited to receiving the money, and destroying the deed, and his acts are not binding upon the purchaser, when he exceeds those powers, or departs from them by receiving something else

than the money, without the assent of the purchaser. He is to be regarded in the light of a special agent, who must conform to the authority with which he is clothed. *Dickinson* v. *Gilliland*, 1 *Cow. R.* 481, 498. A sheriff cannot discharge an execution, by receiving a promissory note, or a draft, in satisfaction of it. 1 *Cow. R.* 46; 4 *Cow. R.* 553. It would be dangerous in the extreme, to allow the sheriff, or register, to receive any thing except the money, in discharge of the debt. It would be placing indulgences at their disposal, that might become an article of traffic between them and the debtor, to the great prejudice of the creditor.

Griswold is a competent witness to prove that the check, and not the money, was deposited with him when he gave the receipt. His interest is equally balanced. The receipt is evidence against him, of so much money received by him, for the person to whom it belongs, whether it be complainant or defendant. He must account to one or the other; and it is immaterial which, so far as he is concerned, for the receipt in either event would be evidence against him, and the decree in this case would not be evidence in his favor. *Milward* v. *Hallett*, 2 *Caines R.* 77, *and note, p.* 84.

The receipt is not conclusive evidence against defendant, of the payment of money.

Bill dismissed, with costs.